UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**DOMINIQUE J. BROCK (AMERICO J. BROCK)**                                          PETITIONER

v.                                                               CIVIL ACTION NO. 5:15CV-P129-TBR

**KY DOC CLASSIFICATION BRANCH** *et al.*                                          RESPONDENTS

### MEMORANDUM OPINION

Petitioner Dominique J. Brock (Americo J. Brock), a prisoner currently incarcerated in the Kentucky State Penitentiary (KSP), filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing § 2254 Cases.[1] If the petitioner is not entitled to relief, the petition must be summarily dismissed. For the reasons that follow, the Court will summarily dismiss the § 2241 petition.

On the § 2241 form, Petitioner indicates that his petition concerns "jail/prison conditions" and "'Crime Controll Act' of 1965 (Title 4. USC . 112) 'Interstate Corrections Compact' (KRS 196.610)."[2] He alleges deprivation of his rights "by State employees in Cases #5:14cv-00210 5:15cv-00070 and 4:15cv-00065" under the First, Eighth, and Fourteenth Amendments to the U.S. Constitution; Sections 3, 14, and 17 of the Kentucky Constitution; and "General Assembly Articles 3, 5, 7, 8 and 10." He contends that because he has "4 'active 1983' suits, against some very prominent state employees, and 2 very very influential 'gang members' in the state of KY,

---

[1] Rule 4 applies to § 2241 petitions pursuant to Rule 1(b) of the Rules Governing § 2254 cases.

[2] "The Interstate Compact on Corrections ('ICC') is an agreement between several states which provides for the exchange and housing of prisoners on a reciprocal basis." *Jackson v. Herrington*, No. 4:05-CV-186, 2008 WL 1897729, at *3 (W.D. Ky. Apr. 28, 2008). The ICC has been adopted by Kentucky. *Id.* (citing Ky. Rev. Stat. § 196.610).

Im asking for interstate transfer." Petitioner reports that he sent an "informal request to Head of the Classification Branch at Ky DOC headquarters – Tammy Martin. I informed her of my problems with 'malicious prosecution' in witch Im constatly retaliated against by state employees, and my fued with 'white supremists' and [others]." He then states that the letter to Ms. Martin "was forwarded to KSP Warden Randy White, who never took request seriously." Thus, claims Petitioner, "After having informed Inst. Warden (White), and KY DOC's Classification Branch (Martin) – I felt its only right to file declaritory on state officials decisions, via US District, in 2241 motion." As relief, Petitioner asks the Court to "grant my transfer from the state of Ky (Ky DOC) to another state, or posibly an FCI (on wit. Sec. program for allegations of 18 USC, 1981(b)(2))[.]" Upon review of the petition, the Court will deny the § 2241 petition and dismiss the action.

      Where a prisoner is challenging the fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, "§ 2241 is not the proper vehicle for a prisoner to challenge conditions of confinement." *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) ("[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of [the habeas] core and may be brought pursuant to § 1983 in the first instance."). Because Petitioner challenges only the conditions of his confinement and seeks to be transferred, not released from imprisonment based on allegedly unlawful confinement, his claims are not properly pursued in a habeas action. *See Hodges v. Bell*, 170 F. App'x 389, 393

(6th Cir. 2006); *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) ("[Petitioner] originally, and incorrectly, asserted in his petition that it was brought under § 2241. He did not challenge the terms or validity of his state prison term. Rather, he sought a transfer to a different prison facility for the purpose of medical treatment . . . . 'Such a claim is properly brought pursuant to 42 U.S.C. § 1983.'").

For these reasons, Petitioner is not entitled to habeas relief, and the petition will be dismissed without prejudice by separate Order. *See Martin v. Overton*, 391 F.3d at 714 ("Similar 'habeas' petitions have been dismissed without prejudice to a petitioner's potential § 1983 claims, allowing the prisoner to later bring any civil rights claims properly.").

Date:


cc: Petitioner, *pro se*
　　 Respondents
4413.005